# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES PHILLIPS,

:

    Petitioner,

Case No. 1:09-cv-064

:

        Chief Judge Susan J. Dlott
 -vs-                                   Magistrate Judge Michael R. Merz

COURT OF COMMON PLEAS OF
HAMILTON COUNTY, OHIO,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner brought this action in habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his continued custody pending a new trial in the Hamilton County Common Pleas Court (Amended Petition, Doc. No. 2). On Order of Magistrate Judge Hogan (Doc. No. 6), Respondent filed a Return of Writ (Doc. No. 8) and Petitioner has filed a Reply (Doc. No. 14). On January 6, 2010, the reference was transferred to the undersigned who has been providing assistance with the habeas corpus docket at the Cincinnati location of court (Doc. No. 19).

Petitioner was indicted on two counts of unlawful sexual conduct with a minor and one count of gross sexual imposition. In the middle of trial, the State moved to amend the Indictment and Bill of particulars. The trial judge granted the motion to amend, denied a defense motion for a continuance, and then granted a defense motion for mistrial. A subsequent defense motion to dismiss on double jeopardy grounds was denied by the trial court and this habeas corpus action followed.

Respondent concedes that Petitioner has exhausted his available state court remedies, since the Ohio courts will not entertain an appeal from denial of a motion to dismiss on double jeopardy grounds. Respondent also concedes Petitioner is in custody sufficient to support habeas corpus jurisdiction.

The Amended Petition avers that the January 11, 2007, Indictment charged that the two counts of unlawful sexual conduct with a minor occurred on an undetermined date in May, 2006, and the gross sexual imposition offense occurred on an undetermined date in June, 2006, and these dates were repeated in the Bill of Particulars (Amended Petition, Doc. No. 2, at ¶¶ 6-8.) After a number of continuances, the case came on for trial on April 7, 2008. *Id.* at ¶ 16. Several months prior to that, the State furnished defense with information derived from a forensic examination of the hard drive seized from Petitioner's computer by Cincinnati Police. *Id.* at ¶¶ 12-16. Petitioner alleges that testimony at trial from the State's forensic examiner, David Ausdenmoore, established that someone using the same screen name as the victim in this case had logged onto the internet from Petitioner's computer in December, 2006. *Id.* at 17. The victim testified that the offenses occurred around May, 2006, and that she had never used Petitioner's computer thereafter. *Id.* at ¶ 21. The Amended Petition further alleges that

> During cross examination Ausdenmoore, established the alleged victim logged on the internet using Mr. Phillips computer approximately six months **after** the alleged victim testified the offenses occurred and she was last at Mr. Phillips residence using his computer.

*Id.* at ¶ 22 (emphasis added). On April 9, 2008, still in the midst of trial, the prosecution moved to amend the Indictment and Bill of Particulars to alleged that the crimes occurred between December 1, 2005, and May 31, 2006, which is in fact a time period consistent with Ausdenmoore's

testimony[1]. (Transcript, Doc. No. 18, at 26.)

In granting the motion for mistrial, Visiting Judge Crush expressly found "the defense has been mislead [sic] and prejudiced by the amendment. . . ." (Ex. A to Petition, Doc. No. 1.) Judge Crush recognized that the expansion of dates prejudiced the Petitioner because it gave him a much larger period of time to defend against. But because it would take time to prepare a defense for that period of time, Judge Crush rejected the possibility of continuing the trial in progress, essentially concluding it would be unfair to the jury and their memories of the testimony would fade. (Transcript, Doc. No. 18, at 26-27.)

The motion to amend was made under Ohio R. Crim. P. 7(D) which allows an amendment to correct a variance with the evidence. Here there was a large variance, one which might very well have created reasonable doubt in the minds of the jurors about the credibility of the victim witness. However, Rule 7(D) permits an amendment to cure a variance so long as the identity or name of the crime charged is not changed. Counsel argued this question at some length before Judge Crush, who resolved it in favor of the State, rejecting Eighth District Court of Appeals precedent suggesting that a date change amounted to an identity of the offense change, and relying on precedent from the Hamilton County Court of Appeals. Of course, as Petitioner points out, satisfaction of Rule 7 does not necessarily satisfy the Double Jeopardy Clause, although Rule 7(D) also provides that "Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint." Habeas corpus lies only to correct federal constitutional error. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v.*

---

[1] The Amended Petition gives no record references to testimony of Ausdenmoore about the victim logging onto the Petitioner's computer in December, 2006.

*Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). This action therefore concerns only the Double Jeopardy claim and not whether Ohio Crim. R. 7(D) was correctly interpreted.[2]

The Supreme Court has made it plain that the Double Jeopardy Clause protects against a second trial, not just against conviction at a second trial. *Abney v. United States,* 431 U.S. 651 (1977). For that reason, a double jeopardy claim is cognizable in federal habeas corpus prior to the "second" trial. *Justices of the Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984); *Reimnitz v. State's Attorney of Cook County,* 761 F.2d 405, 408 (7th Cir. 1985); *Malinovsky v. Court of Common Pleas of Lorain County*, 7 F.3d 1263 (6th Cir. 1993). To put it another way, a habeas petitioner with a double jeopardy claim is not required to exhaust the remedy of direct appeal from a verdict at a second trial before invoking our habeas jurisdiction. The Sixth Circuit reaffirmed these principles and specifically affirmed a district court's granting of a stay of Ohio Common Pleas Court proceedings pending decision on a pre-trial double jeopardy habeas petition in *Harpster v. Ohio*, 128 F.3d 322 (6th Cir. 1997).

Jeopardy attaches in a jury trial when the jury is sworn. *Crist v. Bretz*, 437 U.S. 28 (1978). "Once jeopardy attaches, prosecution of a defendant before a jury other than the original jury, excluding any contemporaneously empaneled and sworn alternates, is barred unless (1) there is a

---

[2]The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784 (1969). The Grand Jury Clause of the Fifth Amendment, which would be implicated in an amendment to an indictment in federal court, is not applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,*408 U.S. 665, 687-88 n. 25 (1972) *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result). The Grand Jury Clause of the Ohio Constitution may be implicated in analysis of Ohio R. Crim. P. 7(D), but that again is a question of state, not federal, law.

'manifest necessity' for a mistrial or (2) the defendant either requests or consents to a mistrial." *Watkins v. Kassulke*, 90 F.3d 138, 141 (6th Cir. 1996); see also *United States v. Larry*, 536 F.2d 1149, 1152 (6th Cir. 1976). Petitioner claims there is an exception to the rule allowing a second trial where the defendant has moved for the mistrial if "the request for a mistrial is precipitated by prosecutorial misconduct calculated to cause or invite the defense request for a mistrial." (Amended Petition, Doc. no. 2, at ¶ 45), citing *United States v. Dinitz*, 424 U.S. 600 (1976); and *United States v. Thomas*, 728 F.2d 313, 318 (6th Cir. 1984).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), federal habeas courts considering claims ruled on in the state courts are to give deference to the state court rulings unless they are contrary to or objectively unreasonable applications of clearly established United States Supreme Court precedent. Judge Kubicki's Entry Denying Defendant's Motion to Dismiss: Double Jeopardy merely recites that he "finds the motion to not [be] well taken" without further explanation (Ex. B to Petition, Doc. No. 1.) Where the state court disposes of a constitutional claim but fails to articulate its analysis, this court conducts "an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Cornwell v. Bradshaw,* 559 F.3d 398 (6th Cir. 2009), citing *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005). Such a review is not *de novo* but is deferential because we "cannot grant relief unless the state court's result contradicts the strictures of AEDPA." *Howard*, at 467-68.

In the first case relied on by Petitioner, *United States v. Dinitz*, 424 U.S. 600 (1976), the Court declined to apply Justice Story's manifest necessity doctrine from *United States v. Perez*, 9

Wheat. 579, 22 U.S. 579 (1824), to a case where the defendant requested the mistrial.

> Different considerations obtain, however, when the mistrial has been declared at the defendant's request. The reasons for the distinction were discussed in the plurality opinion in the *Jorn* case: "If that right to go to a particular tribunal is valued, it is because, independent of the threat of bad-faith conduct by judge or prosecutor, the defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial. Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error.

424 U.S. at 607. In *United States v. Jorn*, 400 U.S. 470 (1971), the Court had held that a mistrial brought about with the consent of the defendant would bar reprosecution if the circumstances prompting the mistrial motion were brought about by prosecutorial or judicial overreaching. What would be necessary to constitute such overreaching was specified by the Court in *Oregon v. Kennedy*, 456 U.S. 667 (1982), where the Court held that "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial" will the Double Jeopardy Clause bar retrial. The four dissenting justices in *Kennedy* would have found a bar if "egregious prosecutorial misconduct has rendered unmeaningful the defendant's choice to continue or to abort the proceeding" and argued it would be virtually impossible for a defendant to prevail under the majority's intent standard, suggesting how exacting a standard Petitioner must meet[3].

---

[3]This Report does not analyze double jeopardy cases cited from courts other than the United States Supreme Court, *e.g.*, *State v. Tallmadge*, 34 Ohio App. 3d 342, 518 N.E. 2d 946 (Ohio App. 9th Dist. 1986), *United States v. White*, 914 F. 2d 747 (6th Cir. 1990), or *United States v. Green*, 636 F.2d 925 (4th Cir. 1980), because the test under 28 U.S.C. § 2254(d) is whether the state court decision is contrary to or an unreasonable application of the holdings of United States Supreme Court case law. *Terry Williams v. Taylor*, 529 U.S. 362 at 412 (2000).

This Court concludes that the prosecutor's motion to amend was not prosecutorial misconduct intended to goad the Petitioner in moving for a mistrial and that the Petitioner had a reasonable choice after the amendment to continue the trial and not ask for a mistrial.

Mr. Ausdenmoore was the State's first witness and identified the victim's activity on Petitioner's computer under the screen name "Shadow Roth" as having occurred on or around December 18, 2005. He also identified the topless photographs of the victim as bearing a "burn" date of December, 2005, although the accuracy of that date would depend, he said, on whether the date setting made by the camera operator were accurate. The victim had previously told the authorities that the offenses involving actual sexual conduct had occurred in May, 2006, and that she had spent a great deal of time on Petitioner's computer on the same day. When the prosecutor attempted to ask her if she could have been mistaken about the date and it could have been in December, 2005, Judge Crush sustained an objection. At that point, given the serious variance between the evidence and the indictment, the prosecutor was virtually forced to seek an amendment. Of course, the very existence of Ohio rule 7(D) permitting an amendment during trial implies that it is not, or at least not always, prosecutorial misconduct to seek such an amendment.

During the oral argument about the amendment, Judge Crush made it clear he would not grant a mid-trial continuance for reasons noted above. He also found that the variance was not a deliberate ploy by the prosecutor, but the result of negligent failure of the prosecutor to prepare thoroughly (Transcript, Doc. No. 18, at 25-26). Petitioner argues this finding should not be given much deference, because Judge Crush had just been assigned the case the morning of trial and wasn't as familiar with it as the regularly assigned judge, Judge Kubicki. However,.Judge Crush was a very experienced trial judge, returning to the court as a visiting judge after his retirement, and

had been in the heat of the trial for more than a day. He certainly was in a better position to judge whether the prosecutor had an improper intent to goad a mistrial than this Court does in reviewing a cold record. Judge Kubicki at least implicitly relied on Judge Crush's finding when he denied the double jeopardy dismissal motion.

Petitioner argues that the prosecutor was not surprised by the mistrial motion, supporting the inference that he had intended to goad it. However, Petitioner's counsel announced early in the oral argument on the motion to amend that he would have no choice but to move for a mistrial if the motion were granted and indeed his client had instructed him to ask for a mistrial. (Transcript, Doc. No. 16, at 9, ll. 14-15.)

Moreover, Petitioner had a reasonable choice to continue with the jury in place after the amendment was granted. That jury had already heard what Petitioner's counsel characterizes as a very effective cross-examination of the victim. It had already heard the discrepancy of almost six months between the date the victim asserted the offenses had happened and the date of the corroborating circumstances she testified to. There was nothing to prevent counsel from arguing that discrepancy to the jury in closing. Indeed, because of the original dating in the indictment, the victim was prevented from testifying that the offenses could have happened in December, 2005. Counsel has to have known that in the event of a re-trial, the prosecutor would not be prevented from asking that question a second time, given the amended indictment.

Once the amendment was made and Judge Crush found that it prejudiced the Petitioner, he had three theoretical choices: continue with the same jury, seek a mid-trial continuance, or seek a mistrial. Judge Crush has ruled out the second theoretical possibility, but Petitioner makes no argument as to why the first alternative was not viable and indeed better than a mistrial. This Court

does not even know what choice counsel would have made had he been free to choose in his own professional judgment, since he told Judge Crush his client had instructed him to move for a mistrial.

Because there is no proof to overcome Judge Crush's finding that the motion to amend was not misconduct and because Petitioner retained a reasonable choice to proceed with the same jury which had already heard the strong cross-examination of the victim, the mistrial does not bar a second trial. Petitioner has not shown that Judge Kubicki's conclusion to that effect is contrary to or an objectively unreasonable application of *Dinitz, supra,* or *Oregon v. Kennedy, supra.*

The Amended Petition for writ of habeas corpus should therefore be denied.

February 13, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Phillips v. Hamilton CCPCt Habeas R&R.wpd