# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES PHILLIPS,

    Petitioner,

    -vs-

COURT OF COMMON PLEAS,
  HAMILTON COUNTY, OHIO,

    Respondent.

Case No. 1:09-cv-064

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This pre-judgment habeas corpus case, brought under 28 U.S.C. § 2241, is before the Court on Petitioner's Objections (Doc. No. 230 to the Magistrate Judge's Report and Recommendations (Doc. No. 20) recommending denial of the writ. The General Order of Assignment and Reference for the Magistrate Judges at Dayton allows them to reconsider reports or decisions when objections are made, without a separate order of recommittal under Fed. R. Civ. P. 72.

On Petitioner's motion, the judge presiding over his jury trial declared a mistrial after permitting the State to amend to broaden the dates charged in the Indictment. Petitioner claims a second trial would violate his constitutional right not to be placed twice in jeopardy for the same offenses. The state trial judge did not articulate his reasons for denying the motion to dismiss on double jeopardy grounds[1]. Under such circumstances, this Court's review is de novo but deferential

---

[1] This Court reviews the trial court determination because the Ohio courts will not hear an interlocutory appeal from denial of a motion to dismiss on double jeopardy grounds.

under AEDPA because we "cannot grant relief unless the state court's result contradicts the strictures of AEDPA." *Howard v. Bouchard*, 405 F.3d 459, 467-68 (6th Cir. 2005). The Magistrate Judge concluded Judge Kubicki's decision was neither contrary to nor an objectively unreasonable application of *United States v. Dinitz*, 424 U.S. 600 (1976), or *Oregon v. Kennedy,* 456 U.S. 667 (1982), the relevant United States Supreme Court case law.

Petitioner raises a number of objections which will be considered seriatim:

**Objection: The Magistrate [Judge] Failed to Properly Apply *Kennedy***

Petitioner quotes *Oregon v. Kennedy,* 456 U.S. 667, 675 (1982), as follows "The most direct method of establishing the prosecutor's intent to provoke a mistrial is to draw appropriate inferences from an examination of the objective facts and circumstances." In very brief fashion, the Objections argue the Magistrate Judge did not properly apply this portion of *Oregon v. Kennedy*. However, it is not the Magistrate Judge who decided that the prosecutor did not intend to provoke a mistrial. That finding of historical fact was made by Judge Crush.

Under 28 U.S.C. §2254(e)(1), a state court's findings of fact are presumed correct and may be rebutted by the petitioner only by clear and convincing evidence to the contrary. *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009); *Mitchell v. Mason,* 325 F.3d 732, 737-38 (6th Cir. 2003); *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998). This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records. *Girts v. Yanai,* 501 F.3d 743, 749 (6th Cir. 2007); *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003); *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001), citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). Petitioner here did not seek an evidentiary hearing and relied on the same record facts which were before Judge Crush in making his ruling. Moreover, he was

present in the heat of trial and in a better position to evaluate the conduct of counsel. There is no basis on which to upset his finding. While Petitioner is certainly correct that District Judge review of Magistrate Judge reports and recommendations is de novo, that is not a basis for overturn the state judge's factual findings.

**Objection:     The Magistrates [sic] Result-Oriented, Unreasonable Determination of the Facts**

No additional analysis is warranted with respect to the matter raised in this objection.

**Objection: Magistrates [sic] Refusal to Consider Case Law Applying the Relevant Supreme Court Case Law.**

In this objection, Petitioner cites the undoubtedly correct proposition that district courts are bound by the pertinent decisions of the Sixth Circuit. (Objections, Doc. No. 23, at 4, citing *Timmreck v. United States*, 577 F.2d 372 (6th Cir. 1978). He follows with the proposition that "[t]he mandate rule requires lower courts adhere to the commands of a superior court." *Id.* However, there is no mandate in this case which has never been before the Sixth Circuit.

Petitioner cites to pages 13-20 of his Amended Traverse as setting forth the case law the Magistrate Judge should have considered. The first cited case is *Martin v. Tate*, 1996 U.S. App. LEXIS 25303 (6th Cir. 1996). Assuming *Martin* is to be considered at all,[2] it supports rather than contradicts the conclusion in the Report and Recommendations. In that case the first trial judge had

---

[2] At the time *Martin* was decided, the Sixth Circuit had a rule limiting citation of its unpublished decisions. That rule has been abrogated by the adoption, effective December 1, 2006, of Fed. R. App. P. 32.1. Although *Martin* and other unpublished decisions of the Sixth Circuit may now be freely cited, the new Appellate Rule does not change the determination of the Sixth Circuit that such decisions are not binding precedent.

-3-

made an express finding that the prosecutor did not intend to goad the defense into moving for a mistrial:

> In this case, the state trial court specifically found that there was no intent to goad the defense to move for a mistrial. The court must uphold this finding unless it clearly erroneous. Martin can point to no evidence that the state trial court's finding was clearly erroneous.

*Id.* at *11. In *Martin*, the Sixth Circuit upheld the denial of petitioner's double jeopardy habeas claim.

Petitioner next cited *United States v. Green,* 636 F.2d 925 (4th Cir. 1980)(Amended Traverse, Doc. No. 14, at 15, n. 28). *Green* is not controlling precedent because 1) it comes from the Fourth Circuit, 2) it does not interpret *Kennedy*, which was handed down two years after it was decided. To the extent *Green* is persuasive authority, it cuts against Petitioner's position: it is another refusal by an appellate court to accept a double jeopardy claim where the trial court had found no misconduct by the prosecutor.

*United States v. Beasley*, 479 F.2d 1124, 1127 (5th Cir. 1973), also cited by Petitioner (Amended Traverse, Doc. No. 14, at 15, n. 27), is also a non-Sixth Circuit, pre-*Kennedy* denial of a double jeopardy claim based on a trial court finding because the defense mistrial motion was not the product of prosecutorial manipulation.

Petitioner's citations of *Neuman v. Rivers*, 125 F.3d 315, 320 (6th Cir. 1997), and *United States v. Jinadu*, 98 F.3d 239, 244 (6th Cir. 1996)(Amended Traverse, Doc. No. 14, at 16, notes 31 & 33) are on the subject of adoptive admissions, not double jeopardy.

Petitioner cites *United States v. White*, 914 F.2d 747, 752 (6th Cir., 1990), for the proposition that a federal appellate court "*may*, but is not required to consider the trial courts findings on the

issue of prosecutorial intent." (Amended Traverse, Doc. No. 14, at 17. Emphasis sic.) The Magistrate Judge finds no support for that proposition in the place cited in *White*. The Sixth Circuit's *Oregon v. Kennedy* analysis in *White* is as follows:

> Defendant White argues that although a defendant's motion for mistrial ordinarily removes any barrier to a retrial, the Assistant United States Attorney's conduct in the present case falls within the exception defined by the Supreme Court in *Oregon v. Kennedy*, 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083 (1982). The Court stated that it is not enough that there can be a finding of prosecutorial misconduct; the conduct must have been so severe that the court finds that it was intentionally calculated to goad the defendant into moving for a mistrial. *Id.* at 673-74. This court has stated that under *Kennedy*, a second trial will be barred when prosecutorial behavior "was 'intentionally' calculated to cause or invite mistrial." *United States v. Thomas*, 728 F.2d 313, 318 (6th Cir. 1984). Defendant argues that because the district court characterized the prosecuting attorney's questioning of Officer Brown as "a deliberate attempt to defy the court's ruling and to get into the record something that had otherwise been objected to by a leading question to counsel's own witness," it necessarily follows that the prosecutor intended to provoke a mistrial.
>
> We disagree with this reasoning. Defendant White overlooks a significant element of the exception which requires a showing of more than a deliberate act -- there must be a showing that the prosecutor's deliberate conduct was intended to provoke the defendant into moving for a mistrial. The conduct of the Assistant United States Attorney in the present case is similar to the conduct of the prosecutor in *Kennedy* in which no intent to cause a mistrial was found. In *Kennedy*, the trial court had sustained defendant's objection to a line of inquiry concerning a criminal complaint which the witness had previously filed against the defendant. The prosecutor then inquired of the witness as follows:
>
> PROSECUTOR: Have you ever done business with the Kennedys?
>
> WITNESS: No, I have not.
>
> PROSECUTOR: Is that because he is a crook?
>
> 456 U.S. at 669. The Supreme Court found that the court of appeals

-5-

> had taken an overly expansive view of the application of the Double Jeopardy Clause by characterizing this conduct as prosecutorial "overreaching" which would preclude a second trial. Id. at 668-69. In the present case, the Assistant United States Attorney's conduct is similar, because he deliberately sought to elicit information which had expressly been forbidden. The Supreme Court in *Kennedy* accepted the finding of the trial court that the prosecutorial conduct culminating in the termination of the first trial was not so intended by the prosecutor. *Id.* at 679. In the present case, the district court concluded that the Assistant United States Attorney's conduct was motivated by "prosecutorial inexperience," even though his conduct was deliberate. Moreover, the district court found no basis for the allegation that he intended to have the defense attorneys move for a mistrial.
>
> Our review of the record supports the district court's finding. There was no sequence of overreaching that pervaded the trial; the Assistant United States Attorney resisted and apparently was surprised by the granting of the motion for a mistrial. Moreover, we believe that the district court's finding that the Assistant United States Attorney did not intend a mistrial should be accorded great deference as the district judge was in the best position to observe the conduct in question in the context of the entire trial. See *Arizona v. Washington*, 434 U.S. 497, 509-10, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978); *Abdi v. Georgia*, 744 F.2d 1500, 1503 (11th Cir. 1984), cert. denied, 471 U.S. 1006, 85 L. Ed. 2d 164, 105 S. Ct. 1871 (1985).
>
> For these reasons, we find that the Assistant United States Attorney did not intentionally goad the defendants into moving for a mistrial, and we affirm the district court's denial of the motion to dismiss on double jeopardy grounds in regard to defendant White.

914 F.2d 747, 752-53. *White* is fully supportive of the Magistrate Judge's reading of *Kennedy*.

At pages 18-19 of his Amended Traverse, Petitioner cites *State v. Copening*, 100 Wis.2d 700, 303 N.W.2d 821, 831 (1981), *Commonwealth v. Clark*, 287 Pa. Super. 380, 396, 420 A.2d 655, 663 (1981), and *Commonwealth v. Simms*, 284 Pa. Super/ 528, 426 A. 2d 620 (1981). These decisions all pre-date *Oregon v. Kennedy* and therefore are not relevant to interpreting the holding of that case, particularly because the Sixth Circuit in *White* interprets *Oregon v. Kennedy* as attempting to cut

back on findings of prosecutorial misconduct in support of Double Jeopardy claims.

Having now considered the non-Supreme Court case law cited by Petitioner (whether or not it should have been analyzed in the original Report and Recommendations), the Magistrate Judge concludes it supports his original conclusion: the state court decision denying the Double Jeopardy claim is neither contrary to nor an unreasonable application of *Oregon v. Kennedy*.

**Objection:    The Prosecutors [sic] Conduct Was Intended to Provoke a Mistrial**

As noted above, Judge Crush's finding of historical fact on this point is binding. Even if it were not binding, Petitioner has offered no new evidence to overcome its presumptive correctness. In essence, Petitioner is inviting this Court, sitting essentially as an appellate court, to overrule a finding of fact made by the trial judge based on his weighing of the credibility and good faith of the participants before him. This we should not do.

**Objection: The Defense Did not Retain Primary Control Over the Course to be Followed Once the Indictment was Amended.**

No further analysis is needed on this point beyond what is contained in the original Report.

## Conclusion

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends the Petition for Writ of Habeas Corpus be denied. At the conclusion of his Objections, Petitioner requests a certificate of appealability. Because the issue in this case is very fact intensive, the

Magistrate Judge agrees reasonable jurists could disagree with his conclusion and recommends that a certificate of appealability be issued.

April 2, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), or (E) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Phillips habeas SR&R.wpd